### MORIARTY v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. February 3, 1911.)

MILITIA (§ 17*)—ARMORIES—EMERGENCY REPAIRS.

> Military Code (Laws 1898, c. 212) § 134, provides that repairs to armories in New York City shall be done by the city and paid for out of a regular appropriation therefor, under the direction of the commissioner of public buildings under competitive contracts, except that in emergency the commissioner may have repairs made immediately without competition to an amount not over $1,000 in any one instance. Greater New York Charter (Laws 1901, c. 466) § 1565, places upon the armory board the duties of making repairs to such armories, and gives the president of the board of aldermen, as a member of the board, the powers and duties exercised theretofore by the commissioner of public buildings. *Held,* that where the armory board approved bills for emergency work ordered by the secretary of the board to an amount less than $1,000, and certified the bills therefor, which were also approved by the president of the board of aldermen, the approval of the board was a ratification of the act of the secretary in ordering the repairs as emergency work, and a determination that the work was of that character, by which, in the absence of bad faith, the city was bound, and for which the city was liable to pay, there being money on hand in the appropriation to meet the same.
>
> [Ed. Note.—For other cases, see Militia, Dec. Dig. § 17.*]

Appeal from Appellate Term.

Action by John L. Moriarty against the City of New York. A judgment of the Municipal Court in favor of plaintiff was reversed by the Appellate Term (117 N. Y. Supp. 884), and plaintiff appeals. Reversed, and judgment of Municipal Court affirmed.

Argued before INGRAHAM, P. J., and CLARKE, McLAUGHLIN, MILLER, and DOWLING, JJ.

Charles Goldzier, for appellant.
Loyal Leale, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

DOWLING, J. This appeal is taken from an order of the Appellate Term, reversing a judgment entered in the Municipal Court, Borough of Manhattan, Third District, in favor of the plaintiff in the sum of $311.16. The action was brought to recover the sum of $260.99 for emergency repairs to the Twenty-Second Regiment Armory and the Armory of Squadron A, in the borough of Manhattan, City of New York, between July 1, 1905, and January 1, 1906. The repairs in question consisted, in the first-named armory, in the doing of work upon a motor used in exhausting smoke from the rifle range, and at the latter in part in fixing torn wires, remedying defective insulation, and furnishing materials required in connection with the same. The performance of the work in question was proven by the armorers of Squadron A and of the Twenty-Second Regiment, as well as by the plaintiff; that the amount charged for the repairs and the various materials furnished was fair and proper was established as well.

When the armorers discovered the defective conditions in their respective armories, which they deemed dangerous and requiring immediate attention, they forthwith reported the same to the secretary of the Armory Board, and he in each case gave the usual written order to plaintiff, directing him to do the work specified therein, being that for which recovery is sought herein. When the bills had been rendered by the plaintiff for the amount for which this action is brought, they were marked "O. K." by the armorer in each case, after which a certificate was appended to each bill, by the ranking line officer commanding the respective organization, countersigned by the inspector of the Armory Board, to the effect that the materials and services enumerated in the bill had been properly delivered and rendered, that the bill was a reasonable and proper one, and that it was thereby approved. It was further shown that each of the three bills in suit had been certified by George Moore Smith, Brigadier General commanding the First Brigade, and by Frank A. O'Donnel, president of the department of taxes and assessments. Two of the bills had further been certified by C. V. Fornes, president of the board of aldermen, and the other by Patrick F. McGovern, then such president, in the following form:

"I hereby certify that I have examined the above account and believe it to be correct; that the prices charged are just and reasonable, and such services as are therein specified have been properly performed; that the said articles have been or will be used for and applied to the service and for the purposes of the city of New York; and that the payment of the amount of said account will not exceed the unexpended balance of the sum duly appropriated by law for the purposes thereof."

It was further proven that Eugene A. Fornes, the secretary of the Armory Board, through whom the orders in question were given, had been duly elected to that office on January 21, 1904, by the members of the Armory Board, and that such board held meetings once a month; and that all emergency repairs were ordered through its secretary, instead of by a meeting of the board called for that purpose. All emergency work was left solely to the secretary's judgment, and when he had ordered it done he brought it to the attention of the board at its next succeeding meeting, whereupon the members of the

board, having satisfied themselves that the bills were correct, approved them. This was confirmed by the testimony of Frank J. Bell, acting secretary of the board, who testified that through the years from 1900 to 1905, the secretary had power to order emergency work; such being the instructions given him by the members of the board, the only limitation being that the moneys must be on hand to pay for it. When the resolution was passed creating the office of secretary an executive office, Mayor Low, in the presence of a quorum of the members, stated that the secretary should have such power in respect to the emergency work, and it was never withdrawn.

In this case there is no question but that the services were actually rendered, nor is their value disputed; in fact, the defendant offered no proof of any kind and relied upon the lack of power to create any liability against the city under these conditions. The good faith of plaintiff in performing the services is not questioned, nor is there any proof that these, in fact, were not emergency repairs. Under section 134 of the Military Code (chapter 212, Laws of 1898) it is provided as follows:

"All repairs to  *  *  *  armories in the city of New York shall be done by said city, and all utensils, materials and supplies certified by the auditing board of an organization quartered therein, to be necessary for the  *  *  * preservation of the armory  *  *  * shall be supplied by the said city."

That section, after providing for a submission to the board of estimate and apportionment of an estimate regarding the necessary repairs for the year, and the expenditure of the sums so appropriated under the direction of the commissioner of public buildings, lighting, and supplies upon contracts made by bids, contains the following provision:

"Except that in case of an emergency said commissioner may cause repairs immediately required to be done without calling for competition, at an expense not exceeding one thousand dollars in any one instance. No payment shall be made by the comptroller from the appropriation aforesaid except as follows in the case of supplies, upon the written approval of the claim by the commanding officer of the organization receiving the supplies and in the case of repairs to an armory upon like approval by the ranking line officer commanding an organization quartered therein."

Thereafter, by chapter 466, Laws of 1901, section 1565 was added to the Greater New York charter, providing:

"All powers and duties relating to the construction, repairs and maintenance of and to public armories in the city of New York, and to the purchase of supplies therefor, or so far as the same have heretofore been conferred upon the commissioner of public buildings, lighting and supplies by chapter 212 of the Laws of 1898, known as the 'Military Code,' are hereby devolved upon the armory board, having jurisdiction within the city of New York as in said Military Code provided. The powers and duties heretofore exercised by the commissioner of public buildings, lighting and supplies as a member of said armory board, are hereby devolved upon the president of the board of aldermen, who shall be a member of said armory board."

The powers theretofore conferred upon the commissioner of public buildings thereby devolved upon the Armory Board, whereof the president of the board of aldermen was a member. When, therefore, the Armory Board, including the president of the board of aldermen, in good faith ratified and accepted the act of its secretary in ordering

the repairs in question as emergency work, and approved the bills therefor, their action amounted to a determination that the work done actually was emergency work, and by that determination, in the absence of bad faith, the city was bound; the aggregate of the bills being less than $1,000, and there being on hand a sufficient balance of the appropriation to meet the same.

For these reasons, the determination of the Appellate Term should be reversed, and the judgment of the Municipal Court in favor of the plaintiff reinstated and affirmed, with costs to the appellant in this court and in the Appellate Term.   All concur.